

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, et al. | |
| Plaintiffs, | 10 C 7371 |
| v. | |
| GLENDALE ASSOC., LTD., et al., | Hon. Charles R. Norgle |
| Defendants. | |

**OPINION AND ORDER**

Before the Court is Defendants Glendale Associates ("Glendale") and Charles Hoffman's ("Hoffman") (collectively, "Defendants") Motion to Dismiss Plaintiffs Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively, "Funds"), and James Jorgensen's ("Jorgensen") (collectively, "Plaintiffs") Complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b). For the following reasons, Defendants' Motion is denied.

**I. INTRODUCTION**

**A. Facts**[1]

The Funds are multiemployer benefit plans as defined by ERISA and Jorgensen is the Administrator of the Funds, duly authorized to act on their behalf to collect employer contributions. Glendale is an Illinois corporation and an employer within the meaning of ERISA. Hoffman is an officer and shareholder of Glendale. Hoffman also operated Glendale T.V. and Electronics ("Glendale Electronics") as a sole proprietorship.

---
[1] The Court takes the following facts from the Complaint.

1

Glendale and the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union") are parties to a collective bargaining agreement (the "Agreement").

Under the Agreement, Glendale was required to pay Union dues as well as make contributions on behalf of its covered employees for, among other things, pension benefits and health and welfare benefits. Glendale was also to submit monthly benefit contribution reports identifying the number of hours worked by individuals performing covered work under the Agreement. The benefit report forms provided that, "[t]he undersigned employer hereby warrants that this report accurately states all hours worked by all laborers in its employ." Compl. ¶ 10. Glendale's monthly benefit contribution reports from January 1998 through April 2010 are attached to the Complaint. The Funds have authority under the Agreement to collect wages and Union dues that have or should have been deducted from the wages of covered employees.

With respect to Counts I, II and V, Plaintiffs allege that Hoffman intentionally underpaid wages, fringe benefit contributions, and dues to Glendale employees Jesus Villa ("Villa") and Jesus Villa, Jr. ("Villa, Jr.") between March 1, 2002, and August 31, 2008. Count I alleges that, in this time period, Glendale failed to report and pay over $100,000 in contributions owed to six different funds. Id. ¶ 14. According to the Complaint, Hoffman paid Villa, Jr. through Glendale Electronics while he was performing covered work for Glendale and failed to report Villa, Jr.'s hours and wages on the monthly benefit contribution reports to the Funds. Further, Hoffman caused Glendale to underpay Villa by paying a portion of Villa, Jr.'s wages on Villa's paycheck. Hoffman would then divide Villa's pay "by the applicable contract wage-rate to back into the

number of hours he worked for purposes of benefit and dues reporting." Id. ¶ 9. Count II alleges that Glendale failed to submit and pay approximately $6,000 in Union dues during the same period. Count V alleges that Glendale intentionally failed to pay Villa and Villa, Jr. wages required under the terms of the Agreement.

Counts III and IV seek recovery from Hoffman for unpaid benefit contributions and dues resulting from his misrepresentation that, between 1995 and 2000, employee Raymond Ebel ("Ebel") had an ownership interest in Glendale. Between 1995 and 2000, Glendale employed Ebel as a laborer providing covered work under the Agreement. Ebel never had an ownership interest in Glendale. Yet, on October 2, 1995, Hoffman signed a Memorandum of Joint Working Agreement listing Ebel as an owner. Hoffman continued to misrepresent Ebel as an owner and officer of Glendale at subsequent benefit contribution compliance audits conducted by Fund auditors. On November 2, 2010, Hoffman testified under oath that he intentionally identified Ebel as an owner in order to avoid paying contract wages and fringe benefits on his behalf.

**B. Procedural History**

Glendale filed a Chapter 7 Bankruptcy petition on August 31, 2010. On October 29, 2010, the Funds obtained an order lifting the automatic stay for the limited purpose of obtaining an accounting of the monies owed to the Funds in order to obtain a judgment against Hoffman. On November 15, 2010, the Funds filed the instant five-count ERISA Complaint. In the present motion to dismiss, Defendants argue that Counts III and IV are time barred and that Counts I, II, and V are partially time barred. Further, they argue that Plaintiffs have failed to plead with particularity as required by Rule 9(b).

3

## II. DISCUSSION

### A. Standard of Decision

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957)). Under federal notice-pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Put differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "Even after Twombly, courts must still approach motions under Rule 12(b)(6) by construing the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009) (quotations omitted). "While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" Brooks v. Ross, 578 F.3d 574, 579 (7th Cir. 2009) (quoting United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005)).

## B. Defendants' Motion to Dismiss

### 1. *Statute of Limitations*

Plaintiffs bring this action for unpaid contributions and dues under 29 U.S.C. §§ 1132 and 1145. Section 1145, entitled "[d]elinquent contributions," provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Section 1132 authorizes a plan fiduciary to bring a civil action to enforce the contribution requirements of § 1145. Section 1132(g)(2) provides that when a judgment in favor of a plan is awarded under § 1145, the court shall award (a) the unpaid contributions, (b) interest, (c) the greater of interest or liquidated damages of 20%, (d) reasonable attorneys' fees and costs, and (e) any other appropriate legal or equitable relief.

ERISA does not contain a statute of limitations for suits by fund trustees to collect delinquent employer contributions. See Cent. States, Se. & Sw. Areas Pension Fund v. Jordan, 873 F.2d 149, 152 (7th Cir. 1989); see also Teamsters & Employers Welfare Trust of Ill. v. Gorman Bros. Ready Mix, 283 F.3d 877, 880 (7th Cir. 2002) (finding that § 1145 does not contain a limitations period). In the absence of a governing federal limitations period, "the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). This requires the Court to "characterize the essence of the claim in the pending case," id. at 268, and "adopt the most analogous state limitation period," Jordan, 873 F.2d at 152; see also Gorman Bros. Ready Mix, 283 F.3d at 880;

5

Jenkins v. Local 705 Int'l Bd. of Teamsters Pension Fund, 713 F.2d 247, 250-51 (7th Cir. 1983).

According to Defendants, the Court should borrow the Illinois statute of limitations for fraud, 735 ILCS 5/13-205, which is five years. Under that statute, Defendants argue, Counts II and III are fully time barred and Counts I, IV, and V are partially time barred. Defendants cite no cases that apply the statute of limitations for fraud to an ERISA case brought under § 1145 and they provide no argument in support of doing so. Plaintiffs do not concede that the statute of limitations for fraud should apply but rather, "assume *arguendo* that the five-year statute of limitations asserted by Defendants is correct." Pl.'s Resp. to Def.'s Mot. to Dismiss 2, n.1. An examination of Seventh Circuit precedent yields a different result.

"The Seventh Circuit mandates the use of the Illinois statute of limitations for written contracts when fund trustees seek delinquent employer contributions owed to a multiemployer benefit fund." Chi. Dist. Council of Carpenters Pension Fund v. Cotter, 914 F. Supp. 237, 241 (N.D. Ill. 1996) (citing Jordan, 873 F.2d 149); see also Cent. States, Se. & Sw. Areas Pension Fund v. Transp. Serv. Co., No. 00 C 6181, 2009 WL 424145, at *8 (N.D. Ill. Feb. 17, 2009). Of paramount concern is the integrity and stability of pension funds. As the Seventh Circuit explained:

> The overriding policy consideration in this case is the integrity of the Pension Fund and its ability to pay its beneficiaries. The Pension Fund must rely on self-reporting by employers. It may take time for the Pension Fund to discover irregularities in employer contributions. Characterizing this action as an action on a written contract contributes to the stability of pension funds and will encourage employers to meet their obligations.

Jordan, 873 F.2d at 154; see also Jenkins, 713 F.2d at 252-53 (holding that an action brought by a beneficiary to enforce a trust agreement is an action to enforce a written

contract); Cent. States, Se. & Sw. Areas Pension Fund v. Kroger Co., No. 01 C 2680, 2003 WL 1720023, at *11 (N.D. Ill. Mar. 31, 2003) (holding that, given the Seventh Circuit's decision in Jordan, the Illinois statute of limitations for written contracts applies).

Other circuits addressing pension fund claims for delinquent contributions under ERISA have applied the state statute of limitations for written contracts. See, e.g., Felton v. Unisource Corp., 940 F.2d 503, 511 (9th Cir. 1991); Trustees of Wyo. Laborers Health & Welfare Plan v. Morgen & Oswood Constr. Co., 850 F.2d 613, 618-21 (10th Cir. 1988); Robbins v. Iowa Rd. Builders Co., 828 F.2d 1348, 1353-54 (8th Cir. 1987); Cent. States, Se. & Sw. Areas Pension Fund v. Kraftco, 799 F.2d 1098, 1107 (6th Cir. 1986); Miles v. N.Y. State Teamsters Convergence Pension & Ret. Fund Emp. Pension Benefit Plan, 698 F.2d 593, 598 (2d Cir. 1983).

Policy considerations further support application of the ten year statute of limitations. As the Ninth Circuit has explained:

> Imposing too short a statute would interfere with the strong federal policy that underlies ERISA. The federal government, or more specifically the Pension Benefit Guaranty Corporation will ultimately be liable for the payment of vested benefits if a pension plan is not adequately funded and terminates. In order to encourage the continuation and maintenance of voluntary private pension plans for the benefit of their participants . . . employee trust funds should be given ample opportunity to recover delinquent contributions.

Haw. Carpenters v. Waiola Carpenter Shop, Inc., 823 F.2d 289, 298 (9th Cir. 1987) (quotation omitted). This rationale is supported by the legislative history of §§ 1132 and 1145. The Supreme Court has explained that, "Congress added these strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent accounts."

7

Laborers Health & Welfare Trust Fund For N. Cal. v. Advanced Lightweight Concrete Co., Inc., 484 U.S. 539, 547 (1988). As set forth by Congress, "[f]ederal pension law must permit trustees of plans to recover delinquent contributions efficaciously. Sound national pension policy demands that employers who *enter into agreements* providing for pension contributions not be permitted to repudiate their *pension promises*." Id. at 549, n.14 (quoting Senate Comm. on Labor and Human Resources, 96th Cong., 2d Sess., S. 1076, The Multiemployer Pension Plan Amendments Act of 1980: Summary and Analysis of Consideration 44 (Comm. Print 1980)).

Following Seventh Circuit precedent – as well as guidance from Congress, our sister circuits, and this district – the Court finds that the Illinois ten-year statute of limitations for written contracts applies to this case.

Because Plaintiffs filed this Complaint on November 15, 2010, allegations of violations occurring after November 15, 2000, are timely. Counts I, II, and V seek recovery for alleged violations that occurred between March 1, 2002, and August 31, 2008, and are therefore not barred by the statute of limitations.

Counts III and IV seek recovery for alleged violations that occurred between 1995 and 2000 (the Complaint does not provide specific dates). Plaintiffs argue that the statute of limitations should be tolled because Defendants "actively concealed [Ebel's] lack of ownership interest by identifying him as an owner on the collective bargaining agreement and representing him as an owner and officer of the Company to the Funds' auditors when subsequent periodic audits were conducted." Pl.'s Resp. to Def.'s Mot. to Dismiss 3. According to

the Complaint, "[i]f the Funds had been aware that [Glendale] had failed to pay and report the proper wages, dues and benefit contributions, the Funds . . . would have commenced the appropriate lawsuit at an earlier date." Compl. ¶ 30.

The Court need not address this argument at this time. If alleged violations in Counts III and IV occurred between November 15 and December 31, 2000, then, without further analysis, they would be timely. When seeking dismissal on statute of limitations grounds, the complaint must "set forth everything necessary to satisfy the affirmative defense.'" Brooks, 578 F.3d at 579. The Court cannot ascertain from the face of the Complaint if the violations alleged in Counts III and IV are time barred. Accordingly, Plaintiffs have not pled themselves out of court. Defendants' motion to dismiss on statute of limitations grounds is therefore denied.

### 2. *Rule 9(b)*

Defendants also argue that the Complaint fails to satisfy the heightened pleading standards of Rule 9(b). As an initial matter, it is not certain that Rule 9(b) applies to this case, which is brought solely under ERISA. Compare Thornton v. Evans, 692 F.2d 1064, 1082 (7th Cir. 1982) ("Although the elements of a common law fraud claim are typically pleaded in detail to comply with Rule 9(b), these elements are not required here since plaintiffs' cause of action is predicated upon ERISA, not the common law.") and Smith v. Aon Corp., No. 04 C 6875, 2006 WL 1006052, at *6 (N.D. Ill. Apr. 12, 2006) ("Although these allegations do contain characteristics of fraud or misrepresentation, 'allegations similar to fraud do not implicate Rule 9(b) where the gravaman of [the] claim is grounded in ERISA.'") (quoting In re Polaroid ERISA Litigation, 362 F. Supp. 2d 461, 470

(S.D.N.Y. 2005)), with Chi. Dist. Council of Carpenters Welfare Fund v. Angulo, 169 F. Supp. 2d 880 (N.D. Ill. 2001) (holding that Rule 9(b) applies where plaintiff benefit plan alleged, *inter alia*, that defendant employer falsely claimed that one defendant was a covered employee), abrogated on other grounds by Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), In re Sears, Roebuck & Co. ERISA Litigation, No. 02 C 8324, 2004 WL 407007, at *6 (N.D. Ill. Mar. 3, 2004) (holding the Rule 9(b) applies to ERISA cases that allege misrepresentation), and Cook v. Exelon Corp., No. 01 C 7406, 2002 WL 31133274, at *5 (N.D. Ill. Sept. 26, 2002) ("We agree [with other courts in this district] that 9(b) applies to ERISA claims alleging misrepresentation or deception.").

Defendants argue, and Plaintiffs do not dispute, that the particularity requirements of Rule 9(b) apply to this case. The Court need not decide this issue here. Even if Defendants are correct that Rule 9(b) applies, Plaintiffs satisfy its requirements.

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Specifically, the complaint must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc., 536 F.3d 663, 668 (7th Cir. 2008) (quotation omitted). In other words, the plaintiff must plead the "who, what, when, where, and how," of the alleged fraud. Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co., 631 F.3d 436, 441-42 (7th Cir. 2011). "A plaintiff who provides a 'general outline of the alleged fraud scheme' sufficient to 'reasonably notify the defendants of their purported role in the scheme' satisfies Rule 9(b), so long as the

plaintiff states the 'time, place and content of the alleged communications perpetrating the fraud.'" Gaudie v. Potestivo Appraisal Servs., Inc., No 10 C 6593, 2011 WL 1465553, at *2 (N.D. Ill. Apr. 18, 2011) (quoting Midwest Grinding Co., Inc. v. Spitz, 976 F.2d 1016, 1020 (7th Cir. 1992)).

Plaintiffs allege that Hoffman engaged in several fraudulent acts in order to avoid paying benefit contributions and dues, including: submitting false records to the Funds, paying Villa, Jr. through Glendale Electronics when he performed covered work for Glendale, and misrepresenting Ebel as an owner and officer of Glendale. Plaintiffs attach Glendale's monthly benefit contribution reports to the Complaint and explain how Hoffman carried out the alleged violations. This satisfies Rule 9(b)'s who, what, where, and how requirements. See Laborers' Pension Fund v. Lake City Janitorial, Inc., 758 F. Supp. 2d 607, 618 (N.D. Ill. 2010) (holding that a complaint with similar allegations satisfies Rule 9(b)). Indeed, Defendants do not argue that Plaintiffs fail to meet these requirements. Instead, Defendants argue that Plaintiffs fail to plead the "when" requirement with particularity.

The Complaint sets forth two time periods – 1995 to 2000 for Counts III and IV and March 1, 2002 to August 31, 2008 for Counts I, II, and V – in which the alleged violations took place. Defendants argue that these "general periods of time" fail to meet the "when" requirement of Rule 9(b). Def.'s Mem. of Law in Supp. of Mot. to Dismiss 4. Defendants' argument is without merit.

"To plead the 'when' requirement properly, a plaintiff need not identify the precise time at which an alleged misrepresentation was made but may provide a 'general time.'" Pressalite Corp. v. Matsushita Elec. Corp. of Am., No. 02 C 7086, 2003 WL

11

1811530, at *9 (N.D. Ill. Apr. 4, 2003) (quoting Caliber Partners, Ltd. v. Affeld, 583 F. Supp. 1308, 1311 (N.D. Ill. 1984)); see also Pucci v. Litwin, 828 F. Supp. 1285, 1297 (N.D. Ill. 1993) ("[P]laintiffs need not precisely identify the timing of each allegation but merely an appropriate time frame.") (quotation omitted); Prince-Servance v. BankUnited, FSB, No. 07 C 1259, 2007 WL 3254432, at *6 (N. D. Ill. Nov. 1, 2007) (finding "general allegations as to time" sufficient to comply with Rule 9(b)). Accordingly, the general time periods alleged by Plaintiffs satisfy Rule 9(b).

Even assuming Rule 9(b) applies to this ERISA case, Plaintiffs have satisfied its heightened pleading requirements. Defendants' Motion to Dismiss under Rule 9(b) is therefore denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied.

IT IS SO ORDERED.

ENTER:

_____

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: July 14, 2011

12